UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LATEILA BOUIE-BALDRIDGE                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:15-cv-166-CWR-FKB

WILLIAM JEROME LEFLORE, ET AL.                                                        DEFENDANTS

REPORT AND RECOMMENDATION

On March 6, 2015, Plaintiff's attorney filed a complaint in this Court alleging that Plaintiff's minor child was attacked by Defendant Leflore, a school bus driver. [1]. On the same date, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. [2], requesting that the prepayment of filing fee and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed in forma pauperis. Plaintiff indicates her monthly income exceeds her expenses by $985.00. Her spouse's monthly income exceeds his expenses by $1,300.00. They own their own home and two motor vehicles.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,

> Is the plaintiff forced to contribute his last dollar, or render
> himself destitute to prosecute his claim? *Adkins v. E.I. DuPont
> de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that she and her spouse have a significant monthly income and two motor vehicles, the undersigned finds that she could pay the filing costs without undue financial hardship if given thirty days to pay the filing fee. Plaintiff will not be rendered destitute by paying the filing fee in thirty days, as she does have a place to reside, a motor vehicle, and a monthly income. Because she will not be barred from the federal courts due to her lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed in forma pauperis be denied. Plaintiff shall be given thirty days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before June 15, 2015. If Plaintiff does not object to this recommendation, and further does not pay the filing fee by June 15, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event she desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636.

Respectfully submitted, this the 8th day of May, 2015.

    /s/   F. Keith Ball
UNITED STATES MAGISTRATE JUDGE